FILED

'13 NOV 13 AM 10: 57

OXL

DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO LOPEZ-MAGANA, | Civil Case No.: 10-cv-2265-BEN<br>Criminal Case No.: 09-cr-4298-BEN |
| Defendant-Petitioner, | **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255.** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff-Respondent. | [Docket No. 30] |

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255 filed by Petitioner Alvaro Lopez-Magana. (Docket No. 30). For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

As set forth in the Criminal Complaint in this matter, Petitioner Alvaro Lopez-Magana and another individual were stopped by a U.S. Border Patrol agent on October 29, 2009 after the Border Patrol received a report of possible illegal aliens walking along Live Oak Springs Road. (Exh.[1] 4 at 2). Both admitted to being citizens and nationals of Mexico illegally present in the United States, and were arrested. (*Id.*). Routine record checks revealed that Petitioner had previously been deported to Mexico on December 22, 2008, and that Petitioner had not applied

---

[1]The only exhibits in this matter were filed with the Government's Response. (Docket No. 37). All references to exhibits in this Order should be understood as referring to that Response.

1 for permission to return to the United States. (*Id.*). On December 21, 2009, the

2 United States filed a Superseding Information charging Petitioner with one count of

3 misdemeanor illegal entry in violation of 8 U.S.C. § 1325, and one count of felony

4 illegal entry in violation of 8 U.S.C. § 1325. (Exh. 6).

5   Petitioner entered into a plea agreement with the United States on December

6 21, 2009. (Exh. 7). The final page of the agreement bears Petitioner's signature,

7 and he initialed the other pages of the agreement. (*Id.*). The plea agreement stated

8 both of the charges and their maximum penalties. (*Id.* at ¶ 2). The agreement stated

9 that in signing the agreement, Petitioner represented that he had full opportunity to

10 discuss the facts and circumstances of the case with defense counsel, and "has a

11 clear understanding of the charges and the consequences of this plea." (*Id.* at ¶

12 2(b)(1)). Petitioner admitted to certain facts in his plea, including the fact that he

13 had previously been deported after an aggravated felony conviction for conspiracy

14 to distribute a controlled substance, and acknowledged that his prior conviction

15 resulted in a 16-level increase in his offense level. (*Id.* at ¶ 4).

16   The agreement also included a broad waiver of his right to seek appellate

17 review or collaterally attack his plea, conviction, or sentence. Paragraph 12 of the

18 Agreement stated that he agreed that he:

19   waives to the full extent of the law, any right to appeal or collaterally
    attack the guilty plea, conviction and sentence, including any
20   restitution order, unless the Court imposes a custodial sentence greater
    than the high end of the guideline range recommended by the
21   Government pursuant to this agreement at the time of sentencing or the
    statutory mandatory minimum term, if applicable.
22

 (*Id.* at ¶ 12).
23

24   Finally, the agreement states, immediately above the signature lines, that by

25 signing the agreement, Petitioner certified that he read the agreement (or had it read

26 to him in his native language), discussed its terms with defense counsel, and "fully

27 [understood] its meaning and effect." (*Id.* at ¶ 15). It further stated that Petitioner

28 was satisfied with the representation received. (*Id.*).

   Petitioner entered a guilty plea on December 21, 2009, before Magistrate

1    Judge Barbara Lynn Major. (Exh. 8). At the hearing, he stated that he had signed
2    the plea agreement after it was read to him in Spanish, that he had discussed the
3    document with his attorney, and that the lawyer explained the document and
4    answered any questions. (*Id.* at 13). He also stated that he had discussed the
5    sentencing guidelines and their applicability with counsel. (*Id.* at 12-13). The
6    Magistrate asked Petitioner about the provision of the plea agreement waiving his
7    right to appeal and right to collateral attack. (*Id.* at 14). She ensured he had
8    discussed the provision with his attorney, and advised him that he was waiving his
9    rights to appeal or collaterally attack the plea, conviction, or sentence, to the full
10   extent of the law. (*Id.* at 14). Petitioner stated that he understood that provision and
11   agreed to be bound by the waiver. (*Id.*). He stated he was satisfied with the advice
12   he received from his attorney, and his attorney affirmed he had gone over the
13   agreement with Petitioner and believed that Petitioner understood the agreement.
14   (*Id.* at 13-15). The Magistrate made explicit findings and recommendations that the
15   guilty plea was made "knowingly and voluntarily with the full understanding of the
16   nature of the charge, the rights that you have and are giving up, and all of the other
17   consequences of your guilty plea." (*Id.* at 19).

18       At the sentencing hearing on February 8, 2010, this Court confirmed with
19   Petitioner and his counsel that Petitioner had waived and given up his right to
20   appeal or collaterally attack his plea, his conviction, and his sentence. (Exh. 12 at
21   7-8). This Court sentenced Petitioner to 6 months of confinement for the
22   misdemeanor illegal entry, 24 months of consecutive confinement for the felony
23   illegal entry, and one year of supervised release. (Exh. 12 at 6; Docket No. 28).

24       On November 1, 2010, Petitioner filed a Motion to Vacate, Set Aside, or
25   Correct Sentence Pursuant to § 2255. Petitioner asserted six grounds for relief: (1)
26   the Court failed to comply with Federal Rule of Criminal Procedure 11; (2) the
27   sentence was greater than necessary to meet the sentencing goals of § 3553(a), (3)
28   he unknowingly and involuntarily waived his right to appeal; (4) his ineligibility for

1  certain BOP benefits should have been considered in sentencing, and resulted in an

2  Equal Protection violation; (5) his sentence is unreasonable due to an improper

3  increase of his base-offense level as a result of his prior conviction; and (6) that he

4  does not have an "aggravated felony prior conviction." In the case of each ground,

5  he indicated that he did not pursue a direct appeal or any post-conviction motion,

6  petition, or application. (Mtn. at 5-14). The Government filed a Response on June

7  3, 2011. (Docket No. 37). Petitioner did not file a Traverse.

8                                    **LEGAL STANDARD**

9          A district court may "vacate, set aside or correct" the sentence of a federal

10  prisoner that was 1) imposed in violation of the Constitution or law of the United

11  States, 2) where the court lacked jurisdiction to impose the sentence, 3) where the

12  sentence was in excess of the maximum authorized by law, or 4) where the sentence

13  is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A district court must

14  hold an evidentiary hearing before denying a § 2255 motion, unless it is

15  conclusively shown that the prisoner is entitled to no relief. 28 U.S.C. § 2255(b).

16  However, if it is clear the petitioner has failed to state a claim, or has "no more than

17  conclusory allegations, unsupported by facts and refuted by the record," a district

18  court may deny a § 2255 motion without an evidentiary hearing. *United States v.*

19  *Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

20                                      **DISCUSSION**

21      A.  Petitioner Waived His Right to Appeal or Collaterally Attack His

22          Sentence

23          As part of the plea agreement, Petitioner waived his right to appeal and

24  collaterally attack his sentence. (Exh. 7 at ¶ 15; Exh. 12 at 7-8). The Ninth Circuit

25  has upheld the validity of waivers of the right to appeal and collateral attack.

26  *United States v. Navarro-Botello*, 912 F.2d 318, 321-22 (9th Cir. 1990), *cert denied*,

27  503 U.S. 942 (1992) (upholding a waiver of the right to appeal); *United States v.*

28  *Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert .denied*, 508 U.S. 979 (1993)

1 (upholding a waiver of the right to a collateral attack under § 2255).  The rights of

2 direct appeal and collateral attack in a criminal case are purely statutory.  *Id.*

3       A waiver of the right to direct appeal and collateral attack will be upheld

4 where it was "knowing and voluntary."  *Id.*  A knowing and voluntary waiver of

5 appellate rights is enforceable where the language of the waiver encompasses the

6 right to appeal on the grounds raised.  *See United States v. Rahman*, 642 F.3d 1257,

7 1259 (9th Cir. 2011) (citation omitted).  The same standard has explicitly been

8 applied to waiver of collateral attacks.  *Patterson-Romo v. United States*, No. 10-cr-

9 3319, No. 12-cv-1343, 2012 WL 2060872, at *1 (S.D. Cal. June 7, 2012).

10 However, the Ninth Circuit has declined to hold that a waiver categorically

11 forecloses a defendant from bringing any § 2255 proceeding, such as a claim of

12 ineffective assistance of counsel or involuntariness of the waiver.  *Abarca*, 985 F.2d

13 at 1014.

14              i. Knowing and Voluntary

15       The waiver of a right to appeal is knowing and voluntary if the plea

16 agreement as a whole was knowing and voluntary.  *United States v. Jeronimo*, 398

17 F.3d 1149, 1154 (9th Cir. 2005) (overruled on other grounds).  A waiver will be

18 considered knowing and voluntary where the plea colloquy satisfies Rule 11, and

19 the record reveals no misrepresentation or gross mischaracterization by counsel that

20 tainted the plea.  *United States v. Sepulveda-Iribe,* 197 Fed. Appx. 592, 592 (9th

21 Cir. 2006) (citing *Jeronimo*, 398 F.3d at 1157 n.5).  After a careful review of the

22 written plea agreement, the Rule 11 plea colloquy, and the entire record in this

23 matter, this Court finds that the plea and the waiver were knowing and voluntary.

24       As discussed above, Petitioner signed the last page of the plea agreement, and

25 initialed the other pages. (Exh. 7).  He indicated that he had read and fully

26 understood it, and was satisfied with the representation of his attorney. (*Id.* at ¶ 15).

27       Review of the transcript reveals that the Magistrate complied with the

28 requirements of Rule 11 of the Federal Rules of Criminal Procedure.  The hearing

1   transcript clearly refutes Petitioner's claim that Rule 11 was not followed.

2   Petitioner claims that he was not advised of his rights, but the Magistrate clearly

3   detailed the rights Petitioner was giving up, including those specified in Rule 11.

4   FED. R. CRIM. P. 11(b)(1); (Exh. 8 at 7-10). Petitioner claims that the Magistrate

5   failed to assure that his plea was knowing and voluntary "(by inter, alia, accurately

6   informing him of the full range of punishment to which he was exposed)." (Mtn. at

7   5). The transcript reveals that the Magistrate informed him of the charges and the

8   possible punishments, and Petitioner stated that he understood. (Exh. 8 at 9-11).

9   He also claims the Magistrate failed to assure an adequate factual basis for the plea.

10  (Mtn. at 5). However, the Magistrate specifically asked Petitioner about the details

11  of the crime he had allegedly committed, and Petitioner admitted to all of the

12  necessary elements. (Exh. 8 at 16-18).

13         The Magistrate also ascertained that Petitioner was satisfied with the advice

14  of his counsel. (*Id.* at 13-14). The Magistrate specifically discussed the waiver of

15  the right to appeal and collateral attack with Petitioner, and Petitioner represented to

16  the Magistrate that he understood this, and agreed to be bound by the waiver. (*Id.* at

17  14-15). The Magistrate specifically found that the guilty plea was knowing and

18  voluntary. (*Id.* at 18-19).

19         The Court notes that, in the course of the Rule 11 discussion, Petitioner also

20  references a "breach" of the plea agreement. (Mtn. at 5). This is a conclusory

21  allegation, with no supporting facts in the record, and he fails to make any

22  connection between Rule 11 and any breach of the plea agreement.

23         Since the Rule 11 colloquy was proper, the waiver will be considered proper

24  if there is no  misrepresentation or gross mischaracterization by counsel. *See*

25  *Sepulveda-Iribe,* 197 Fed. Appx. at 592. No misrepresentation or

26  mischaracterization has been alleged. Petitioner does state in Ground Three that:

27  "substantial issues for review are presented by this Court, colorable basis extends to

28  attack the sentence, based on conviction obtained by plea of guilty which was

1   unlawfully induced or not made voluntarily or with understanding of the nature of
2   the charges and the consequences of the plea." (Mtn. at 8). It is not clear to this
3   Court that Petitioner is arguing that his plea was actually "unlawfully induced,"
4   rather than the fact that such an inducement might be grounds to attack a sentence,
5   much like a challenge to knowledge or voluntariness. To the extent Petitioner is
6   referring to something beyond what appears in his motion, Petitioner must present it
7   to the Court. A bare, conclusory allegation will not suffice. However, this Court
8   notes that he affirmed to the Magistrate that he was not threatened, that he was not
9   pleading guilty to help another and that, outside the plea agreement, no promises
10  were made to him by anyone to get him to plead guilty. (Exh. 8 at 15).

11      Additionally, this Court notes that Petitioner stated that "the government has
12  failed to express its intent to enforce this waiver." (Mtn. at 8). It is unclear to this
13  Court what Petitioner is attempting to allege. However, the Government clearly
14  included the waiver in the agreement, and there has been no occasion known to this
15  Court where the Government might be required to inform Petitioner that it would
16  enforce the waiver.

17      After full consideration of the briefing and the record in this matter, this
18  Court concludes that the waiver of appellate and collateral attack statutory rights
19  was knowing and voluntary.

20      This Court also notes that because there was no violation of Rule 11, Ground
21  One of the Petition is necessarily denied on the merits. (Mtn. at 5). Ground Three,
22  which alleges an unknowing and involuntary waiver of appellate rights, must also
23  fail on the merits. (*Id.* at 8).

24          ii.  Scope of the Waiver
25      Petitioner's claims will only be waived if they come within the scope of the
26  provision. Plea agreements are contractual in nature and are measured by
27  contractual standards. *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir.), *cert.*
28  *denied,* 531 U.S. 1057 (2000). In interpreting a plea agreement, a court looks to

1  what the parties reasonably understood to be the terms of the agreement. *See United*

2  *States v. Torres*, 999 F.2d 376, 378 (9th Cir. 1993) (citation omitted).

3       The plea agreement in this case specifically provides that Petitioner waived

4  "to the full extent of the law, any right to appeal or collaterally attack the guilty

5  plea, conviction, and sentence," unless this Court imposed a sentence in excess of

6  the high end of the guideline range based on the offense level recommended by the

7  Government in the plea agreement. (*See* Exh. 7 at ¶ 12).  This Court sentenced

8  Petitioner to 30 months of confinement, below the recommended guideline range of

9  46-57 months.  (Exhs. 9, 10, 12 at 6).

10      The language of the plea agreement is broad and explicitly covers Petitioner's

11 sentence.  It is thus properly read to cover Ground Two (the reasonableness of the

12 sentence under § 3553), Ground Four (failure of the court to consider ineligibility

13 for programs and pre-release custody as mitigating factor), Ground Five (sentence

14 unreasonable under § 3553 because sentencing guideline produced unreasonably

15 high range, the court failed to consider mitigating circumstances of prior conviction,

16 and the court emphasized his full involvement), and Ground Six (court incorrectly

17 found he had a prior aggravated felony).  A narrower interpretation would render

18 the waiver meaningless.

19      Similarly, the waiver covers an attack on the plea.  This court has already

20 concluded that the plea was knowing and voluntary.  To the extent that Ground One

21 might be read to assert other problems with the plea, such as a challenge to the

22 finding of factual support for the plea, this would be covered by the waiver.

23      B.  Failure to Directly Appeal

24      Additionally, Petitioner cannot raise issues in a § 2255 motion that he could

25 have raised on appeal.  *See United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir.

26 1994); *Reed v. Farley*, 512 U.S. 339, 354 (1994).  Petitioner did not directly appeal

27 any aspect of his sentence or conviction.  A claim not raised on direct appeal

28 generally may only be raised on collateral review if the petitioner shows 1) cause

10cv2265/09cr4298

1   and 2) prejudice. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

2   Petitioner could have raised his asserted grounds on appeal. To the extent
3   Petitioner had any valid basis for challenging his waiver of appellate rights, he
4   could have raised such an issue on his direct appeal. *See, e.g., United States v.*
5   *Joyce*, 357 F.3d 921, 922 (9th Cir. 2004).

6   C. Failure to Establish Ineffective Assistance of Counsel as Excuse for
7   Failure to Directly Appeal

8   Petitioner's only explanation for his failure to assert his claims on direct
9   appeal is a repeated claim of "Ineffective assistance of counsel (failure to file notice
10  to appeal timely)." (*E.g.* Mtn. at 13). Petitioner does not assert ineffective
11  assistance of counsel as a separate ground for relief. Petitioner cites ineffective
12  assistance of counsel only to explain why he did not file an appeal as to Grounds
13  Two through Six, and this Court presumes for this discussion that Petitioner also
14  intended to state the same explanation as to Ground One. Petitioner also stated that
15  "Due to that there was not a direct appeal proceedings, because of the ineffective
16  assistance of counsel during pre-trial proceedings." (*Id.* at 14).

17  Ineffective assistance of counsel may constitute "cause" in excusing a
18  defendant's failure to raise other issues. *United States v. Withers*, 638 F.3d 1055,
19  1064-65 (9th Cir. 2010). To constitute "cause," attorney error must meet the
20  "ineffective assistance of counsel" constitutional standard. *See id; Moorman v.*
21  *Schriro*, 426 F.3d 1044, 1058-59 (9th Cir. 2005). An ineffective assistance of
22  counsel claim must demonstrate that (1) defense counsel's performance was
23  deficient; and (2) this deficient performance prejudiced his defense. *Strickland v.*
24  *Washington*, 466 U.S. 668, 690-92 (1994). Petitioner's claim does not meet this
25  test.[2]

26

27  [2]As this Court concludes that ineffective assistance of counsel has not been
    demonstrated under the constitutional standard, Petitioner would not be able to prevail
28  upon a separate ineffective assistance of counsel claim, even if this Court very liberally
    construed the Motion to include such a claim.

10cv2265/09cr4298

1    Petitioner claims "ineffective assistance" and a failure to file in a timely
2    fashion, but provides no argument that the failure to file was deficient. Petitioner
3    must show that his counsel's representation "fell below an objective standard of
4    reasonableness." *Strickland*, 466 U.S. at 687-688. Because of the difficulties
5    inherent in evaluating the performance of counsel after the fact, a court must
6    indulge a strong presumption that counsel's conduct falls within the wide range of
7    reasonable professional assistance. *Id.* at 689.

8        In the case at hand, it is undisputed that no notice of appeal was filed.
9    However, the plea agreement included a broad waiver of the right of direct appeal.
10   As noted above, that waiver was valid and covered the issues Petitioner seeks to
11   raise. On the basis of the facts alleged by Petitioner, counsel's decision appears to
12   be within the bounds of reasonable professional assistance. Without more, this
13   Court cannot conclude that counsel was deficient in failing to pursue an appeal.
14   Petitioner must provide this Court with some basis beyond conclusory allegations to
15   conclude that counsel's failure was deficient.

16       Additionally, if a defendant cannot demonstrate that, but for counsel's
17   deficient performance, he would have appealed, counsel's deficient performance has
18   not deprived him of anything, and he is not entitled to relief. *Roe v. Flores-Ortega*,
19   528 U.S. 470, 484 (2000). Petitioner must demonstrate that there is a "reasonable
20   probability that, but for counsel's deficient failure, he would have timely appealed."
21   *Id.* Here, however, Petitioner fails to demonstrate prejudice, as he does not even
22   allege that he asked his counsel to file an appeal, or provide any basis from which
23   this Court can conclude that he would have filed, but for counsel's incompetence.
24   *C.f. Manning v. Foster*, 224 F.3d 1129, 1135-36 (9th Cir. 2005) (finding prejudice
25   where the petitioner demonstrated that "but for" his attorney's errors he would have
26   appealed by showing that he informed his attorney of his desire to appeal by phone
27   and in a letter).

28       Although there was one reference to "pre-trial" incompetence, Petitioner did

10cv2265/09cr4298

1  not point to any particular action or inaction by counsel that was allegedly
2  incompetent. Petitioner must identify the acts or omissions that are alleged not to
3  have been the result of reasonable professional judgment; a bare, conclusory
4  allegation will not suffice. *See Strickland*, 466 U.S. at 690.

5        Petitioner has not properly alleged ineffective assistance of counsel as an
6  excuse. As such, his claims are procedurally defaulted because of Petitioner's
7  unexcused failure to directly appeal.

8        D. Equal Protection Claim

9        Petitioner also claims that the disparate sentences between alien and
10  American inmates because of immigration detainers is a violation of the Equal
11  Protection Clause. (Ground Four). Petitioner primarily appears to be contending
12  that this Court failed to consider how his alien status and ineligibility for certain
13  programs would affect his sentence. This challenge has been waived, and otherwise
14  should have been raised on direct appeal, as stated above. However, to the extent
15  that Petitioner also seeks to challenge the manner, location, or conditions of the
16  sentence's execution, such claims generally must be brought pursuant to 28 U.S.C.
17  § 2241. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

18        E. Evidentiary Hearing

19        Unless the motion and the records of a case conclusively show that the
20  prisoner is entitled to no relief, a court is required to grant a prompt hearing to
21  determine the issues and make findings of fact and law with respect thereto. 28
22  U.S.C. § 2255(b). However, where the record demonstrates that a petitioner has
23  failed to state a claim, or asserts allegations that are so frivolous or incredible as to
24  warrant summary dismissal, a district court may deny a § 2255 motion without an
25  evidentiary hearing. *Quan*, 789 F.2d at 715. Where a petitioner has asserted "no
26  more than conclusory allegations, unsupported by facts and refuted by the record,"
27  no hearing is required. *Id.*

28        In the case at hand, this Court has determined Petitioner's claims all clearly

10cv2265/09cr4298

1  fail on the merits, or are covered by the waiver.  Alternatively, Petitioner failed to

2  raise the issues on direct appeal, and has provided this Court with no excuse for

3  failing to do so beyond conclusory and unsupported assertions of ineffective

4  assistance of counsel.  As such, this Court determines that Petitioner is entitled to no

5  relief, and no evidentiary hearing is required.

6                                    **CONCLUSION**

7          Upon a full review of the briefing and the record, this Court concludes that

8  there was a proper Rule 11 colloquy.  In the plea agreement, during the Rule 11

9  colloquy, and at sentencing, Petitioner made a knowing and voluntary waiver of his

10  statutory rights to appeal and collateral attack.  Grounds One and Three therefore

11  fail on the merits.  The scope of the waiver precludes the Petitioner from collaterally

12  attacking his sentence in Grounds Two, Four, Five, and Six.  Additionally,

13  Petitioner failed to assert his claims on direct appeal, and has not demonstrated that

14  this failure is excused.

15          The Motion to Vacate, Set Aside, or Correct Sentence is therefore **DENIED**.

16

17  Dated: November /2, 2013

18                                                        HON. ROGER T. BENITEZ
                                                            United States District Judge

19

20

21

22

23

24

25

26

27

28

10cv2265/09cr4298